```
                    United States District Court
                      District of Massachusetts
_____
                                   )
SAMUEL BARTLEY STEELE,             )
         Plaintiff,                )
                                   )
         v.                        )    Civil Action No.
                                   )    10-11218-NMG
JOHN BONGIOVI, individually and    )
d/b/a Bon Jovi Publishing, SCOTT   )
D. BROWN, CHRISTOPHER G. CLARK,    )
MAJOR LEAGUE BASEBALL              )
PROPERTIES, INC., MATTHEW J.       )
MATULE, KENNETH A. PLEVAN,         )
RICHARD SAMBORA, individually      )
and d/b/a Aggressive Music,        )
SKADDEN, ARPS, SLATE, MEAGHER &    )
FLOM LLP & AFFILIATES, CLIFFORD    )
M. SLOAN and TURNER BROADCASTING   )
SYSTEM, INC.,                      )
         Defendants.               )
_____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

Plaintiff Samuel Bartley Steele ("Steele") brings this case against numerous defendants for unlawful removal or alteration of copyright management information in violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1202(b), (c) and 1203. This is the second lawsuit brought by Steele relating to his copyright of a song he wrote about the Boston Red Sox and will be referred to as "<u>Steele II</u>".

## I. Factual Background

In a previous case, Steele brought claims for copyright infringement against some of the same defendants. Steele v. Turner Broad. Sys., Inc. et al, Civ. A. No. 08-11727-NMG ("Steele I"). He claimed that a song he wrote about the Boston Red Sox ("the Steele Song") was unlawfully copied and used to create a video advertisement featuring the allegedly infringing song ("the TBS Promo"). In August, 2009, this Court found that there was no substantial similarity between the Steele Song and the defendants' productions and granted the defendants' motion for summary judgment. Steele v. Turner Broad. Sys., Inc., 646 F. Supp. 2d 185 (D. Mass. 2009). In October, 2009, the Court denied Steele's motion for reconsideration. Steele v. Turner Broad. Sys., Inc., Civ. A. No. 08-11727-NMG, 2009 WL 3448698 (D. Mass. Oct 13, 2009). Steele appealed this Court's orders to the United States Court of Appeals for the First Circuit and that appeal remains pending. Steele also has cases pending in this Session (Steele v. Ricigliano, et al., Civ. A. No. 10-11458-NMG) ("Steele III") and in the Massachusetts Superior Court (Steele v. Boston Red Sox Baseball Club L.P., No. 10-3418E) ("Steele IV").

The allegations in the instant action arise from the same facts as the other cases. Here, Steele sues some of the same defendants but adds as defendants the attorneys for the defendants in Steele I: Matthew J. Matule, Kenneth A. Plevan,

Scott Brown, Christopher G. Clark, Clifford M. Sloan and Skadden, Arps, Slate, Meaghter & Flom LLP & Affiliates ("the Attorney Defendants"). Steele alleges that the Attorney Defendants, in violation of 17 U.S.C. § 1202, intentionally 1) concealed acts of copyright infringement, 2) altered the TBS Promo by, among other acts, deleting the MLBAM copyright notice from the end and adding 12 seconds of silence at the beginning, and 3) submitted false evidence to the federal courts in the form of that altered TBS Promo. Steele seeks, inter alia, an injunction enjoining all of the defendants from further using the altered audiovisual, compensatory damages, costs and attorney's fees.

## II. Procedural History

Steele filed his complaint on July 20, 2010 and amended it in August, 2010. The case was originally assigned to Judge Woodlock, but was transferred to this Session because it relates to Steele's two other cases filed in this Session.

The defendants moved to dismiss on November 24, 2010, arguing that 1) Steele lacks standing to bring a claim for alteration of the TBS Promo because the copyright in that material is owned by MLB Advanced Media, L.P. ("MLBAM"), 2) Steele fails to allege sufficient facts to support his claims and 3) Steele's claims are issue and claim precluded because they arise from the same facts as Steele I and his allegations are predicated on a finding of copyright infringement. In addition

to dismissal, the defendants also request attorneys fees under the Copyright Act, 17 U.S.C. §§ 505, 1203 and the vexatious litigation statute, 28 U.S.C. § 1927.  On December 21, 2010, the defendants also filed a motion for Fed. R. Civ. P. 11 sanctions. They allege that this action was filed to harass and to force a settlement in Steele I.  Steele opposed that motion and, on January 3, 2011, moved to stay the action pending the First Circuit's decision in Steele I and to consolidate Steele II and Steele III.  Defendants oppose the motion to stay and consolidate.

### III. **Plaintiff's Motion to Stay**

Steele moves to consolidate this action with Steele III and to stay both proceedings until the First Circuit issues a decision with respect to the Steele I appeals.

Deciding whether to stay proceedings involves balancing the interests of the parties and the Court.  Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936).  "[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward."  Id. at 255.  The Court finds that Steele has not set forth any convincing grounds for staying this action.  The fact that Steele I is currently on appeal in the First Circuit does not undermine its validity or preclusive effect.  See, e.g., In re Belmont Realty Corp., 11 F.3d 1092, 1095-96, 1099 (1st Cir. 1993).  Unless that decision is reversed by the First Circuit, it

-4-

is a valid and binding determination and the Court need not stay this action pending a resolution of the appeal in Steele I. See id.; Solis-Alarcon v. Abreu-Lara, 722 F. Supp. 2d 157, 161 (D.P.R. 2010) (finding that the possibility that a prior judgment adverse to the plaintiff might be reversed on appeal did not justify staying a subsequent related action).

**IV. Defendants' Motion to Dismiss**

**A. Legal Standard**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000) aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not, however, applicable to legal conclusions. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Threadbare recitals of the legal elements, supported by mere conclusory statements, do not suffice to state a cause of action. Id. Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

**B. Application**

In order for Steele to have standing to bring a civil action for the removal or alteration of Copyright Management Information pursuant to 17 U.S.C. § 1202, Steele must show that he was injured by that violation. 17 U.S.C. § 1203(a). In this case, Steele alleges that the defendants altered the TBS Promo by adding 12 seconds of "dead air" with the text "Version: FINAL 2" at the beginning and removing the MLBAM copyright notice and accompanying sounds at the end. Steele's claim of injury appears to be that the defendants' violation of the DMCA caused him to lose his copyright infringement case (Steele I) and that, but for their violation, he would have prevailed.

Even if the defendants did make the alleged alterations with the requisite intent to conceal copyright infringement, however, those alterations were immaterial to this Court's opinion in

-6-

August, 2009.  The Court's holding in Steele I was based on the lack of a "substantial similarity" between the lyrics, melody and rhythm of the Steele Song and the defendants' song.  Steele I, 646 F. Supp. 2d at 190-92.  The alleged alteration would not have affected the Court's analysis.  Thus, even accepting all factual allegations in the complaint as true and drawing all reasonable inferences in Steele's favor, the Court finds that he was not injured by the alleged acts.  Consequently, the Court concludes that Steele cannot, as a matter of law, prevail on his DMCA claim because he does not have standing to bring such an action.

In addition, Steele cannot prevail in this action because he cannot show that the defendants' removed or altered the TBS Promo "knowing, or . . . having reasonable grounds to know, that it [would] induce, enable, facilitate, or conceal [copyright] infringement[.]".  17 U.S.C. § 1202(b).  Because the Court found that no infringement took place, and the alleged alterations would not have changed that determination, Steele cannot prove that the defendants knew the alterations would facilitate copyright infringement.  Thus, for that reason also, Steele has failed to state a claim upon which relief can be granted.

Finally, Steele's claims in this case are claim precluded by this Court's decision in Steele I.  The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues

that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980).  Accordingly, res judicata applies if

> (1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related.

Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010).

In an analogous case, Hughes v. McMenamon, the plaintiff sued the defendant's attorney for actions taken on behalf of the defendant in a prior, related litigation against the plaintiff. 379 F. Supp. 2d 75, 79 (D. Mass. 2005).  This Court held that there was a sufficient relationship between the attorney and the client such that the identicality of parties requirement was met. Id.  Additionally, in that case, this Court held that there was sufficient identicality between the earlier and later suits because the later action alleged wrongdoing in the earlier litigation by the defendants and their attorneys.  Id.

The Court finds that, here, for the same reasons as in Hughes, the identicality requirements are met.  First, Steele himself acknowledges that the claims asserted in this case are intimately related to those raised in Steele I.  Second, Steele, like the plaintiff in Hughes, could have raised the current claims in Steele I.  See id.  Steele claims that he did not

discover the alteration until after the judgment in Steele I but acknowledges that the altered version was first filed on December 8, 2008.  That was well before the Court's summary judgment order in August, 2009 and Steele should have raised any allegations of misconduct at that time, rather than filing a separate lawsuit 19 months later.  The fact that Steele was a pro se litigant at that time does not excuse his failure at least to raise the possibility of misconduct.

For all of those reasons, Steele fails to state a claim upon which relief can be granted and the defendants' motion to dismiss will be allowed.

## V. Defendants' Motion for Sanctions

Defendants request attorney's fees and costs related to their motion to dismiss pursuant to Fed. R. Civ. P. 11.  The First Circuit has stated that Fed. R. Civ. P. 11

> prohibits filings made with any improper purpose, the offering of frivolous' arguments, and the assertion of factual allegations without evidentiary support or the likely prospect of such support.

Roger Edwards, LLC v. Fiddes & Son Ltd., 437 F.3d 140, 142 (1st Cir. 2006) (internal quotations omitted).  Rule 11 sanctions are intended to "protect parties and the Court from wasteful, frivolous, and harassing lawsuits."  Jones v. Social Sec. Admin., Civ. A. No. 03-12436, 2004 WL 2915290, at *3 (D. Mass. Dec. 14, 2004).

As explained above, Steele's claims in this action are

meritless and appear to be an attempt to circumvent this Court's holding in Steele I.  Thus, this lawsuit appears frivolous and vexatious, and the Court concludes that sanctions are warranted. See Hughes, 379 F. Supp. 2d at 81.  Moreover, Steele has filed two additional actions arising from the same nucleus of operative facts, one in federal court (Steele III) and one in the Massachusetts Superior Court (Steele IV).

Despite the fact that sanctions are warranted here and that Steele's proliferating lawsuits against essentially the same group of defendants border on harassment, the Court will limit its sanctions to an admonition this time.  Steele is forewarned, however, that any future filing of abusive, frivolous or vexatious cases in this Court will result in the imposition of sanctions, including an order enjoining him from filing further proceedings in this Court arising from the same nucleus of operative facts.  Although the defendants are entitled to an award of the costs and fees that they have incurred in responding to this action, the Court will abate any such award unless plaintiff hereafter persists in filing frivolous pleadings.

**ORDER**

In accordance with the foregoing,

1) plaintiff's motion to stay and consolidate (Docket No. 18) is **DENIED**;

2) defendants' motion to dismiss (Docket No. 9) is **ALLOWED**;

3) defendants' motions for sanctions (Docket Nos. 9 and 15) are held in abeyance during the pendency of the appeal of the Court's decisions in <u>Steele</u> v. <u>Turner Broad. Sys., Inc.</u>, Civ A. No. 08-11727-NMG, and unless and until plaintiff files any further frivolous pleadings, in which event the Court will impose monetary sanctions and/or an order enjoining plaintiff from filing further proceedings in this Court.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 17, 2011